**Anthony W. Johnson**
NAME
**F14270**
PRISON NUMBER

**P.O. Box 5002**
CURRENT ADDRESS OR PLACE OF CONFINEMENT

**Calipatria, CA 92233**
CITY, STATE, ZIP CODE





# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**Anthony W. Johnson**,
(FULL NAME OF PETITIONER)
                                    **PETITIONER**

v.

**L.E. Scribner**,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                                    **RESPONDENT**
                          and
**People of The state of
California,**
The Attorney General of the State of
California, Additional Respondent.

Civil No **'07 CV 2068 JM    POR**
                (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack: _____
    **Los Angeles County Superior Court.**

2.  Date of judgment of conviction: **January 23, 2006**

3.  Trial court case number of the judgment of conviction being challenged: **NA066593**
    _____

4.  Length of sentence: **23 yrs: (5yr. base term, 18 yrs enhanced).**

CIV 68 (Rev. Jan. 2006)                                            CV

5. Sentence start date and projected release date: _January 23, 2006 —_
_expected release date ???_

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _One count_
_of selling cocaine, in violation of Health & Safety_
_Code 11352_

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☑

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☐
   (b) Judge only ☑

9. Did you testify at the trial?
   ☐ Yes  ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: ~~B188814~~ _Denied_
    (b) Date of result (if known): _March 8, 2007_
    (c) Case number and citation (if known): _B188814_
    (d) Names of Judges participating in case (if known) _Honorable Tomson_
        _T. Ong_
    (e) Grounds raised on direct appeal: _See: attached pgs. i and ii._


12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _denied_
    (b) Date of result (if known): _May 23, 2007_
    (c) Case number and citation (if known): _Cited as B188814._

    (d) Grounds raised: _See: attached pgs. i and ii._

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: N/A

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

    ☐ Yes ☑ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): _____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

    ☐ Yes ☑ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): N/A

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

    _____

    (d) Grounds raised: _____

    _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): N/A

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

    (e) Result: _____

    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

### COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☑ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? __N/A__
        (i) What was the prior case number? __N/A__
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

<u>CAUTION:</u>

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

### GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** Trial court lacked authority to impose a more severe sanction for non-appearance than that which was agreed to in the plea bargain.

**Supporting FACTS:** Records demonstrate that the trial court issued a hypothetical threat against this defendant had he failed to show up for sentencing. When a defendant fails to appear at sentencing after entering a bargained plea with no discussion about a specific sanction for nonappearance he is entitled to withdraw the plea if the court refuses to honor the plea bargain agreement. The same rule of procedural due process applies when or during the plea proceedings but after the parties have negotiated the basic plea bargain and the court imposes an additional condition providing a sanction for nonappearance. Defendant has a 14th Amendment right to due process and equal protection and an 8th Amendment right to be free from cruel and unusual punishment per the United States Constitution. Also: see attached pgs. i and ii.

**Did you raise GROUND ONE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e. petition for review, habeas petition): _____

(2) Case number or citation: B188814

(3) Result (attach a copy of the court's opinion or order if available): Attached

**(b) GROUND TWO:** Trial court violated defendant's right to a jury's determination of the elevated facts used to enhance his sentence beyond the plea.

**Supporting FACTS:** Based on the newly decided case law Cunningham v. California this defendant is entitled to the benefit of a jury on the elevated facts used to enhance his sentence beyond the statutory amount allowed. Moreover, it would be debatable amongst any reasonable jurist of whether or not the defendant was capable of making a rational decision to turn himself in for sentencing after his biological father died just day's before the set date to do so. Defendant has a Constitutional right to a jury determination of the facts used to enhance his sentence. Trial court failed to consider the indisputable mitigating circumstances surrounding the defendant's failure to appear.

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☑ No.

  If yes, answer the following:

  (1)  Nature of proceeding (i.e. petition for review, habeas petition): _____

  (2)  Case number or citation: _____

  (3)  Result (attach a copy of the court's opinion or order if available): _____

(c) **GROUND THREE:** Defendant ask that this court take jurisdiction of the Cunningham issues listed at Ground Two; allow equitable tolling to exhaust or stay.

**Supporting FACTS:** It is common procedure for Federal to issue a stay and abeyance on any unexhausted claim when Good Cause appear to do so at the request of the defendant. Here defendant had no viable opportunity to make the Cunningham issue presentable to the state court's without jeopardizing his one year deadline of presenting his case in Federal Court due to the close time proximity of the Cunningham decision and the affirmation of his own direct appeal within the California Supreme Court. Base on the aforementioned facts, defendant shows Good Cause why he should be granted the following: (1) That this court take full jurisdiction of the Cunningham issue; allow equitable to go back to exhaust; and/or issue a stay and abeyance to exhaust the Cunningham claim in the California Supreme Court. Defendant hereby asserts his constitutional right to due process and equal protection protected by the 14th Amendment of the United States Constitution.

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☑ No.

　　If yes, answer the following:

　　(1)　Nature of proceeding (i.e., petition for review, habeas petition): _____

　　(2)　Case number or citation: _____

　　(3)　Result (attach a copy of the court's opinion or order if available): _____

(d) **GROUND FOUR**: _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☑ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☑ No

24. If your answer to #23 is "Yes," give the following information: N/A

   (a) Name of Court: _____

   (b) Case Number: _____

   (c) Date action filed: _____

   (d) Nature of proceeding: _____

   _____

   (e) Name(s) of judges (if known): _____

   (f) Grounds raised: _____

   _____

   _____

   _____

   _____

   (g) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☐ No  N/A

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing: Natasha Khamashta
   415 West Ocean Blvd. Long Beach, California 90802

   (b) At arraignment and plea: Same.

   (c) At trial: _____

   (d) At sentencing: Same.

   (e) On appeal: William J. Capriola

   (f) In any post-conviction proceeding: N/A

   (g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

   _____

CIV 68 (Rev. Jan. 2006)                    -10-                    cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☑No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑No

(a) If so, give name and location of court that imposed sentence to be served in the future:
N/A

(b) Give date and length of the future sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☑ No  N/A

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction.  Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter.  If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐  Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑  Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: 10-24-07

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_In Pro-Se_

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10-24-07

(DATE)

_Anthony Johnson_

SIGNATURE OF PETITIONER

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, **A.W. Johnson** DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE **Petitioner** IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS **October** DAY OF **24th**, 2007, AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

(SIGNATURE) X _Anthony Johnson_
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, **A.W. Johnson**, AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND (AM) NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002, CALIPATRIA, CALIFORNIA 92233-5002

ON **10-24**, 2007, I SERVED THE FOREGOING:

**Federal Petition for writ of habeas corpus and application for Informa Pauperis**
(SET FORTH EXACT TITLE OF DOCUMENT IS SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

**U.S. District Court**
**880 Front Street, Rm: 4290**
**San Diego, CA 92101-8900**

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: **10-24**, 2007, X _Anthony Johnson_
(DECLARATION PRISONER)

Court of Appeal No. B188814

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,    )
                                        )  No.
                Plaintiff and Respondent, )
                                          )
                         v.                     )
                                          )
ANTHONY W. JOHNSON,               )
                                          )
                  Defendant and Appellant. )
_____)

COPY

## PETITION FOR REVIEW

Petition for Review
After a Decision by the Court of Appeal
Second Appellate District, Division Four
Filed March 8, 2007

William J. Capriola
Post Office Box 1536
Sebastopol, California 95473
(707) 829-9490
State Bar No. 135889

Counsel for Appellant by Appointment of the
Court of Appeal, under the California Appellate
Project's Independent Case System.

# TOPICAL INDEX

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PETITION FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ISSUE PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

WHY REVIEW SHOULD BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    THE TRIAL COURT LACKED AUTHORITY TO IMPOSE A MORE
    SEVERE SANCTION FOR NONAPPEARANCE THAN THAT WHICH
    WAS AGREED TO IN THE PLEA BARGAIN . . . . . . . . . . . . . . . . . . . . . . . . . .  3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

APPENDIX A (Decision of the Court of Appeal)

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA


PEOPLE OF THE STATE OF CALIFORNIA,    )
    )
                  Plaintiff and Respondent, )
    )
                  v.               )
    )
ANTHONY W. JOHNSON,            )
    )
                 Defendant and Appellant. )
    )
_____)


**PETITION FOR REVIEW**


TO:    THE HONORABLE CHIEF JUSTICE AND THE HONORABLE
        ASSOCIATE JUSTICES OF THE SUPREME COURT OF
        CALIFORNIA.


    Appellant, by and through counsel, hereby petitions, pursuant to

California Rules of Court, rules 8.500 and 8.504, for review of the decision

of the Court of Appeal for the Second Appellate District, Division Four,

filed March 8, 2007.[1]

_____

[1]  A copy of the Court of Appeal's unpublished opinion is appended
hereunto as Appendix A.  Unspecified statutory references are to the Penal
Code.

# ARGUMENT

## THE TRIAL COURT LACKED AUTHORITY TO IMPOSE A MORE SEVERE SANCTION FOR NONAPPEARANCE THAN THAT WHICH WAS AGREED TO IN THE PLEA BARGAIN.

According to the Court of Appeal, "[t]he sanction that the trial court *would impose* the 23-year sentence if appellant failed to appear as ordered was the result of the 'give and take of the plea bargaining' and not a 'judicially imposed afterthought.' (*People v. Casillas* [(1997) 60 Cal.App.4th 445,] 452.)" (Slip opn., p. 6, italics added.)  This is incorrect. If appellant failed to appear for sentencing then, under the terms of the plea bargain, as recited by the prosecuting attorney, appellant "*could be* looking at up to 23 years." (RT 2, italics added.)  It was only after appellant changed his plea to no contest that the trial court told him that "if you don't show up for sentencing on November 7th, which you have been ordered to return, *you will get* the 23 years." (RT 11, italics added.)

"[W]hen a defendant fails to appear at sentencing after entering a bargained plea with no discussion about a specific sanction for nonappearance, he or she is entitled to withdraw the plea if the court refuses to honor the plea bargain. . . . [T]he same rule applies when, during the plea proceedings but after the parties have negotiated the basic plea bargain, the

must be vacated and the case remanded with directions that the trial court

either sentence appellant in accordance with the plea agreement or allow

appellant to withdraw his plea.

APPENDIX "A"

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY W. JOHNSON,<br><br>    Defendant and Appellant. | B188814<br><br>(Los Angeles County<br>Super. Ct. No. NA066593) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Robert F. Katz and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

With the agreement of the parties, the court picked November 7, 2005 for sentencing, and appellant waived his right to be timely sentenced. The court ordered appellant to return on November 7, admonishing him "if you don't show up for sentencing on November 7th, which you have been ordered to return, you will get the 23 years." Appellant indicated he understood.

On January 23, 2006, appellant returned to court. The court summarized the previous proceedings, that appellant had pled "to the entire sheet and admitted all the priors on the sheet and the special allegations. And he asked to be left on bond and he requested probation and a sentencing date for November 7, 2005. . . . [The court] took an *Arbuckle*[2] and *Cruz* waiver to let Judge Cassani sentence him and he waived time. In exchange for that, he was supposed to do five years. [¶] The *Cruz* waiver says if he doesn't show up for sentencing that he will be sentenced to the sheet. On November 7 Judge Cassani issued a bench warrant because he failed to appear for sentencing." Appellant was arrested on December 30 for a separate offense and was in custody. "He came into Judge Cassani's court and Judge Cassani sent it [to this court] to sentence."

When defense counsel advised the court that appellant's father had died and the funeral was on November 4, the court responded that appellant should still have been in court on November 7. The court recalled, "the whole idea of letting [appellant] be free during that period of time . . . was because he wanted to take care of family matters." The court stated it did not understand "why he wasn't here to surrender himself on November 7th or thereafter. So he had to be brought in here."[3]

Appellant was sentenced to a total of 23 years consisting of the upper term of five years for count one, three consecutive one-year terms for the prior

---

[2]      *People v. Arbuckle* (1978) 22 Cal.3d 749.
[3]      Defense counsel explained, "I think he went out of control. The police report says he was abusing drugs."

3

available. [¶]  If the plea is withdrawn or deemed withdrawn, it may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals." (Pen. Code, § 1192.5.)

"In *People v. Cruz* (1988) 44 Cal.3d 1247, [our Supreme Court] interpreted the provision of [Penal Code] section 1192.5 that permits a defendant who pleads guilty or nolo contendere pursuant to a plea agreement to withdraw the plea if the agreement subsequently is disapproved by the court.  [The Court] held that this provision applies even if the defendant fails to appear for sentencing.  [The Court] noted . . . however, that a defendant could expressly waive his or her rights under [Penal Code] section 1192.5 at the time the plea was entered.  [Citation.]"  (*People v. Masloski* (2001) 25 Cal.4th 1212, 1215, fn. 2.)

In *People v. Casillas* (1997) 60 Cal.App.4th 445, 452, the court delineated principles to aid in the analysis of whether a defendant should be permitted to withdraw a plea and stated: "[W]hen a defendant fails to appear at sentencing after entering a bargained plea with no discussion about a specific sanction for nonappearance, he or she is entitled to withdraw the plea if the court refuses to honor the plea bargain.  Second, the same rule applies when, during the plea proceedings but after the parties have negotiated the basic plea bargain, the court imposes an additional condition providing a sanction for nonappearance.  Third, when the parties themselves agree as part of the plea bargain to a specific sanction for nonappearance, the court need not permit the defendant to withdraw his or her plea but may invoke the bargained-for sanction."  (*Id.* at pp. 451-452, cited with approval in *People v. Masloski, supra,* 25 Cal.4th at pp. 1222-1223.)

"In the real world, plea bargaining is a multilateral process, involving the trial court as well as the parties.  In the universe of plea-bargained cases, judicial involvement may occur anywhere along a continuum, from the outset or only

## DECLARATION OF SERVICE

Re: *People v. Johnson*

I, William J. Capriola, declare that I am over eighteen years of age, and not a party to the within cause; my employment address is Post Office Box 1536, Sebastopol, California 95473-1536. I served a true copy of the attached:

### PETITION FOR REVIEW

on each of the following, by placing same in an envelope (or envelopes) addressed (respectively) as follows:

| | |
|---|---|
| Office of the State Attorney General<br>North Tower, 5th Floor<br>300 South Spring Street<br>Los Angeles, California 90013 | Superior Court of California<br>County of Los Angeles<br>210 West Temple Street, Room M-6<br>Los Angeles, California 90012 |
| California Appellate Project<br>520 S. Grand Avenue, 4th Floor<br>Los Angeles, California 90071 | Anthony W. Johnson, F-14270<br>Post Office Box 5001<br>Calipatria, California 92233-5001 |
| Los Angeles County District Attorney<br>210 West Temple Street, Room 18-709<br>Los Angeles, California 90012 | Clerk, Court of Appeal<br>Second Appellate District<br>300 So. Spring Street, 2nd Floor<br>Los Angeles, California 90013 |

Each envelope was then, on April 17, 2006, sealed and deposited with the United States Postal Service at Sebastopol, California, in the county in which I am employed, with the first class postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sebastopol, California, on April 17, 2007.

William J. Capriola

# DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


SUZUKAWA, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.

7

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**
OCT 29 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Anthony W. Johnson

LE Scribner, et al

FILING FEE PAID   Yes   No
IFP MOTION FILED   Yes   No
COPIES SENT TO
Court

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Anthony W. Johnson
PO Box 5002
Calipatria, CA 92233
F-14270

ATTORNEYS (IF KNOWN)

'07 CV 2068 JM    POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   10/29/2007

SIGNATURE OF ATTORNEY OF RECORD

R. Muller